# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FLEMING, | 1:09-cv-01765-SMS (HC) |
| Petitioner, | ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE |
| v. | [Doc. 4] |
| MATTHEW CATE, | |
| Respondent. | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented Allen R. Bloom, Esq.

Petitioner filed the instant petition for writ of habeas corpus on October 7, 2009. Petitioner contends (1) his due process rights under the Sixth and Fourteenth Amendments were violated when his competency was decided by the judge and not the jury; and (2) his conviction for spousal rape should be reduced because there was insufficient evidence of penetration. Petitioner has filed a motion to stay the proceeding pending exhaustion of Ground One in the state courts. (Court Doc. 4.)

## DISCUSSION

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition. Nevertheless, stay and abeyance is available only in limited circumstances, because the

procedure frustrates AEDPA's[1] objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Rhines, 544 U.S. at 277. The Supreme Court held that a stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. However, the Court noted it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278.

The Court finds that Petitioner has met all three prongs of the Rhines standard. Petitioner states "[a]fter the appellate counsel failed to raise the additional issue in the state court, [his] family began (a) the long process of gathering resources for hiring a new counsel, after which (b) a considerable effort of obtaining all trial and appellate materials, and Mr. Fleming's medical records from four different sources was completed, followed by the (c) review of the some three thousand pages of materials, including voluminous medical records, after which (d) a thorough investigation and research of all the issues was finally conducted, (e) the preparation and filing of the state habeas corpus petition raising Ground One was completed, and it was filed concurrently with this federal petition." (Motion, at 7.) The Court finds good cause based on Petitioner's diligence in pursing exhaustion of his unexhausted claim which may be potentially meritorious and there is no evidence that Petitioner has intentionally engaged in dilatory litigation tactics. Accordingly, Petitioner's motion for stay and abeyance will be granted.

However, the Court will not indefinitely hold the petition in abeyance. Rhines, 544 U.S. at 277-278. Petitioner must proceed diligently to pursue his state court remedies and must file a new status report every ninety (90) days thereafter as to the status of the state court proceedings. Following final action by the state courts, Petitioner shall notify this Court within thirty (30) days

---

[1] AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.

of the outcome.  Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. Rhines, 544 U.S. at 278.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay and hold the petition in abeyance is GRANTED;

2. The instant petition is STAYED pending exhaustion of Petitioner's state remedies;

3. Petitioner is DIRECTED to file a new status report every ninety (90) days after filing his initial status report; and

4. Petitioner is GRANTED thirty (30) days time following the final order of the state courts in which to file a final status report.

IT IS SO ORDERED.

**Dated:    October 16, 2009**             /s/ Sandra M. Snyder
                                                         UNITED STATES MAGISTRATE JUDGE